THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL GRANT, Defendant-Appellant.

(No. 72-133;

Third District—March 22, 1974.

Thomas Dunn, of Joliet, for appellant.

Martin Rudman, State's Attorney, of Joliet, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant, Paul Grant, was indicted for the theft of an automobile of a value of more than $150. On Sept. 13, 1971, he pleaded guilty to the charge and was sentenced by the Circuit Court of Will County to a term of not less than 1 nor more than 6 years in the penitentiary.[1] No appeal was taken from that judgment. A post-conviction hearing was had on April 7, 1972, and relief was denied. Defendant appeals from the order denying post-conviction relief contending that he was not properly admonished as to his right to a jury trial and the right to be confronted with the witnesses against him in violation of Supreme Court Rule 402.

The pertinent portions of the rule follow:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

\* \* \*

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him."

An examination of the transcript of proceedings indicate the following:

"The Court: Now, you have a not guilty plea in this case which entitles you to a jury trial. And we're ready to start with the jury trial tomorrow morning. You understand that, didn't you?

Grant: Right.

The Court: If you plead guilty to these Counts, there won't be a trial of any kind.

Grant: Right.

The Court: And you won't have the opportunity to confront the witnesses who testify against you as you would if you had a jury trial or a bench trial. Do you understand that?

Grant: Yes, I do."

Later the Court found that the defendant "\* \* \* understands that upon his plea of guilty there will not be a trial of any kind, so that by

---

[1] The State's Attorney in his brief erroneously stated that the sentence was not less than 3 years nor more than 7 years. Appellant did not mention the sentence in his brief. An additional report of proceedings shows that defendant was out of prison prior to July 15, 1972.

pleading guilty he waives the trial, trial by jury and the right to be confronted by the witnesses against him."

The next day the defendant again appeared before the court with a motion to waive a jury trial as to Count II of the indictment (which was later nolle prossed) and the following appears:

"The Court: Let the record show that the defendant moves to withdraw—or to waive trial of jury as to Count II of the indictment and to have the said cause tried by a judge. Do you understand what this means, what this motion is that you're making?

Grant: Yes, sir.

The Court: Tell me what it is that you're making?

Grant: To be tried by a judge.

The Court: Instead of what?

Grant: Of a jury.

The Court: And that means that I decide what is truth or not and I decide whether you're guilty or not.

Grant: That's right.

The Court: You know you have a right to have the jury do that, don't you?

Grant: Right.

The Court: And you don't want the jury to do that?

Grant: No, sir.

The Court: Okay. You talked this over with your lawyer?

Grant: Yes, sir, I talked to him.

The Court: And that is the way you want to do it?

Grant: Yes, sir."

Clearly, this defendant knew of his right to a jury trial and clearly he knowingly and intelligently waived it. Clearly, this defendant was advised of and understood his right to be confronted with the witnesses against him. Defendant was no stranger to the court. He had four prior convictions. The appeal herein appears to be and is totally frivolous.

For the above reasons the judgment of the Circuit Court of Will County is affirmed.

Judgment affirmed.

SCOTT, P. J., and ALLOY, J., concur.